# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-09133-MWF (SK) | Date | November 5, 2018 |
| Title | Armando R. Diaz v. Charles L. Ryan, et al. | | |

| Present: The Honorable | Steve Kim, U.S. Magistrate Judge |
|---|---|
| Connie Chung | n/a |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

In October 2018, Petitioner filed a petition under 28 U.S.C. § 2254 challenging a 25-year old conviction sustained in 1993 for committing a lewd act with a child under the age of 14. (Pet., ECF 1 at 2). On its face, the Petition appears unreviewable, unexhausted, procedurally defaulted, and untimely. For any of these reasons, the Court may dismiss the Petition.

First, the Petition is unreviewable under § 2254 because Petitioner is not "in custody" for the conviction that he seeks to challenge. "This 'in custody' requirement . . . mean[s] that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is under the conviction or sentence under attack at the time his petition is filed." *Contreras v. Marshall*, 2009 WL 112780, at *4 (E.D. Cal. Jan. 16, 2009) (internal quotations omitted). Petitioner's 1993 conviction resulted in a 90-day jail sentence plus three years' probation. (Pet. at 2). So, unless his probation was somehow extended for more than two decades, he cannot be "in custody" now as a result of a 25-year old conviction. Even if Petitioner is trying to attack his more recent required registration as a sex offender, such requirement would not satisfy the "in custody" element for habeas purposes. *See Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999). Thus, on its face, the Petition is unreviewable for lack of jurisdiction.

Second, even if the Petition were reviewable, its claims are not exhausted. Petitioner admits that he did not present his claims to the California Supreme Court. (Pet. at 5). Federal courts may not grant habeas relief unless the petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). To satisfy exhaustion, the petitioner must "fairly present" his claims in a complete round of direct appeals or state habeas proceedings *up to and including the California Supreme Court*. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Even if the California Supreme Court might reject his claims on procedural grounds rather than the merits, Petitioner must still present the claims for exhaustion. *See Tamalini v. Stewart*, 249 F.3d 895, 899 n.2 (9th Cir. 2001).

Third, even if the Petition were reviewable and deemed exhausted, it is still procedurally defaulted. "Federal courts will not review a question of federal law decided by a state court if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:18-cv-09133-MWF (SK) | Date | November 5, 2018 |
|---|---|---|---|
| Title | Armando R. Diaz v. Charles L. Ryan, et al. | | |

that court explicitly invokes a state procedural bar as the basis for its decision, and that procedural bar constitutes an independent and adequate ground." *Hurtado v. Kirkland*, 281 Fed. App'x 724, 725 (9th Cir. 2008). Here, Petitioner sought post-conviction relief for his claims in the California Court of Appeal in April 2018. (Pet. at 3). But that petition was denied as untimely because too much time had passed since Petitioner's 1993 conviction became final. (ECF 2 at 7). Failure to file a timely petition for state post-conviction relief is an independent and adequate state procedural ground that bars federal habeas relief. *See Hurtado*, 281 Fed. App'x at 725. The only way to overcome procedural default is by demonstrating "cause" and "prejudice," or by showing a "miscarriage of justice" based on actual innocence. *See Murray v. Carrier*, 477 U.S. 478, 485, 495 (1986); *Cook v. Schriro*, 538 F.3d 1000, 1025-28 (9th Cir. 2008). Nothing on the face of the Petition suggests that Petitioner can meet those exacting standards. Thus, the Petition is facially barred by procedural default.

Finally, even if the Court had jurisdiction, and the Petition were deemed exhausted, and Petitioner could overcome procedural default, the Petition is facially untimely. Petitioner pleaded "nolo contendre" and waived his right to appeal in August 1993. (Pet. at 2). His conviction thus became final for habeas purposes 60 days later in October 1993. *See* Cal. Rules of Court 8.308(a); *Mayer v. Marshall*, 2009 WL 102809, at *1 (C.D. Cal. Jan. 12, 2009). So Petitioner had one year until October 1994 to file a timely federal petition, unless statutory or equitable tolling applied. *See* 28 U.S.C. § 2244 (d)(1)(A). Statutory tolling applies only during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." 28 U.S.C. § 2244(d)(2). But Petitioner did not file any petition for post-conviction relief until April 2018, so no statutory tolling is available. *See Fant v. Sherman*, 2016 WL 8732085, at *4 (C.D. Cal. Mar. 21, 2016). Nor does anything in the Petition suggest that equitable tolling might be available. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). It is Petitioner's burden to establish timeliness on any ground that the Court may be unaware of. *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012).

THEREFORE, Petitioner is **ORDERED TO SHOW CAUSE** on or before **December 7, 2018** why this action should not be summarily dismissed for lack of jurisdiction, failure to exhaust, procedural default, and untimeliness. If, on the other hand, Petitioner no longer wishes to pursue this action, he may voluntarily dismiss the action under Federal Rule of Civil Procedure 41(a) by filing a Voluntary Notice of Dismissal. The Clerk is directed to attach a blank Form CV-9, Notice of Voluntary Dismissal.

**If Petitioner does not file a timely response to this Order to Show Cause, the Court may also recommend involuntary dismissal of the Petition for failure to prosecute or obey court orders.** See Fed. R. Civ. P 41(b); L.R. 41.